IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **CITY OF ALLEN, et al.,** *Plaintiff,* | § § § § | |
| v. | § § § | 6:19-CV-00345-ADA-JCM |
| **TIME WARNER CABLE TEXAS, LLC,** *Defendant.* | § § § § | |

### ORDER ADOPTING MAGISTRATE JUDGE'S
### <u>REPORT AND RECOMMENDATION</u>

Before the Court is the Report and Recommendation of United States Magistrate Judge Jeffrey C. Manske. ECF No. 97. The Report recommends that this Court grant-in-part Defendant's Motion for Judgment on the Pleadings (ECF No. 30) as to Plaintiff's claim for attorneys' fees under the Texas Declaratory Judgment Act and Plaintiffs' claim for money had been received and deny-in-part as to Plaintiffs' claim for fees outside the statutory period, Plaintiffs' claim for a declaratory judgment, and Plaintiffs' claim for pre-judgment interest. The Report and Recommendation issued on November 15, 2021.

A party may file specific, written objections to the proposed findings and recommendations of a magistrate judge within fourteen days after being served with a copy of the report and recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglas v. United Service Auto Ass'n*, 79 F.3d 1415. 1428–29 (5th Cir. 1996) (*en banc*).

When no objections are timely filed, a district court reviews the magistrate judge's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Plaintiffs timely filed a Miscellaneous Objection to the Report and Recommendation on November 29, 2021, and Defendant filed a Response to the Miscellaneous Objection. ECF Nos. 98, 99. Plaintiffs "move the Court to clarify the Report and Recommendation . . . as to Plaintiffs' entitlement to relief and available penalties for noncompliance under Section 66.015 of the Texas Utilities Code, and otherwise adopt the Report and Recommendation as written." ECF No. 98 at 4. Thus, Plaintiffs do not object to the Report and Recommendation *per se* and instead seek clarification on an issue not addressed in the Report and Recommendation.

Having carefully reviewed the Magistrate Judge's Report and Recommendation, the Plaintiffs' Miscellaneous Objections to the Report and Recommendation, Defendant's Response to the Objections, and this case file, the Court does not find any clear error in the Magistrate Judge's findings or his recommendation.

**IT IS ORDERED** that the Report and Recommendation of the United States Magistrate Judge (ECF No. 97), filed in this cause is **ACCEPTED AND ADOPTED** by the Court.

As to Plaintiffs' request for clarification, the Court agrees that the Report and Recommendation does not contain a recommendation for ruling on whether attorneys' fees remain available as a "penalty" under Section 66.015 of the Texas Public Utility Regulation Act. The Report and Recommendation makes no recommendation because the parties do not specifically brief and request a ruling on this issue. ECF No. 30 at 9 ("The Cities seek a declaratory judgment, as well as attorneys' fees and costs under the Texas DJA . . . . Nor can the Cities instead invoke

the Federal Declaratory Judgment Act."). Defendant's opening motion only mentions Section 66.015 in footnote 4, not in its argument or request for relief. *Id.*; ECF No. 40 at 6 ("The Cities' claim for declaratory judgment and attorneys' fees under the Texas DJA . . . also fail for multiple reasons."). Plaintiffs improperly raise the issue for the first time in its Miscellaneous Objections to the Report and Recommendation. ECF No. 98. The Court declines to take up the issue now in the form of an objection to a Report and Recommendation silent on the issue, without full briefing by the parties.

**SIGNED** this 21st day of January 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE